## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Ken Goss and<br>Gretchen Goss,<br><br><br>Debtors. | Case No. 12-00395-dd<br><br>Chapter 7<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

This matter comes before the Court on a motion to reconsider filed by Daniel and Shannon Stratton (the "Strattons") on September 25, 2012. The Strattons request that the Court reconsider its Order of September 21, 2012, authorizing the sale of property to the Goss Family Limited Partnership ("Partnership"). The Strattons filed an amended motion to reconsider on September 27, 2012. The Partnership filed an objection to the amended motion to reconsider on October 1, 2012. Aaron Silverman and Simpson Family Holdings, Inc. filed a response in support of the Strattons' amended motion to reconsider on October 2, 2012. The Court held a hearing on October 2, 2012, at which it issued a tentative ruling denying the motion to reconsider. After careful consideration, the Court issues the following findings of fact and conclusions of law with respect to the Strattons' amended motion to reconsider.

Ken and Gretchen Goss ("Debtors") commenced this case by filing a voluntary petition under chapter 7 of title 11 of the United States Code on January 25, 2012. On Schedule B, Debtors listed Ken Goss's one-third interest in the Partnership with an estimated value of $257,400. On Schedule F, Debtors listed a total of $1,161,025 in unsecured non-priority claims due to approximately 50 creditors. The Partnership is an Oklahoma Limited Partnership owned in equal shares by Ken Goss and his two brothers. Among the assets the Partnership owns are two parcels of real estate and numerous mineral leases. The Strattons assert Ken Goss owns one-

third of these mineral leases and pieces of real estate. The Partnership argues that Ken Goss's interest in the Partnership is properly characterized as a one-third interest in the net profits or net losses of the Partnership and that he owns no other interest in the property owned by the Partnership. Debtor's 2011 earnings from Ken Goss's share of the Partnership was $103,000. There has been no appraisal of Ken Goss's interest in the Partnership.

On August 13, 2012, the Chapter 7 Trustee filed a Notice and Application for Sale of Property ("Notice and Application") pursuant to 11 U.S.C. § 363(b) and (f). The Notice and Application proposed to sell "[a]ll Debtor's right and interest in the Goss Family Limited Partnership including but not limited to all future payments and royalties to be paid" for a purchase price of $300,000 to the Partnership. The Notice and Application also stated "[t]he Court may consider additional offers at any hearing held on this notice and application for sale" and "may order at any hearing that the property be sold to another party on equivalent or more favorable terms." Additionally, the Notice and Application provided that no hearing would be held "unless a response, return and/or objection is timely filed and served, in which case, the Court will conduct a hearing on **September 11, 2012 at 9:00 a.m.**" and that "[n]o further notice of this hearing will be given." Furthermore, it indicated that "**Any party wishing to make a higher or better bid must comply with the terms of the Partnership Agreement related to Assignment of Limited Partner interest and must allow for a right of first refusal to the Goss Family Limited Partnership per the agreement.**" Aaron Silverman and Simpson Family Holdings, Inc. filed an objection to the Notice and Application on September 4, 2012.

Subsequent to the Notice and Application, the Strattons advised the Trustee that they wanted to bid on the Partnership interest but needed an appraisal of the interest. According to the Strattons, the Trustee, concerned about losing the $300,000 offer, and the Strattons' counsel

2

agreed that the Strattons should make a guaranteed offer, in other words, an offer in excess of the current bid that was not contingent on the appraised value of the Partnership interest. On August 30, 2012, the Strattons submitted a bid in the amount of $310,000 for Ken Goss's interest. The bid included several conditions, including the receipt of an appraisal and written consent of the general partner of the Partnership to the admission of the Strattons as "Substituted Limited Partners." The bid was not contingent on the value determined by the appraisal but rather simply on an appraisal being received. In the bid, the Strattons reserved the right to offer one or more responsive bids in the event their offer was matched or bettered. On September 6, 2012, the Trustee filed a Notice of Bid Received setting forth the bid submitted by the Strattons.

The Strattons assert that based upon the receipt of a higher and better bid from a non-insider third party, they believed the objection submitted by Aaron Silverman and Simpson Family Holdings, Inc. was moot. With these facts and their reservation of rights to submit responsive bids, the Strattons did not appear at the September 11, 2012 hearing.

The September 11, 2012 hearing was held. Gary Goss, as general partner and on behalf of the Partnership, traveled from Tulsa, Oklahoma to attend the hearing in the event the Partnership decided to exercise its right of first refusal and match any further offer. At the hearing, the Partnership asserted the Strattons' offer was not the equivalent of its offer, which had no conditions. The Trustee requested that the Partnership match the monetary portion of the Strattons' offer, and the Partnership agreed.

The Strattons assert that upon learning of the hearing's result, they, at 11:49 a.m. the day of the hearing, made a cash offer to the Trustee in the amount of $400,000. On September 21, 2012, the Court entered its Order Authorizing Sale of Assets Free and Clear of Liens, which authorized the trustee to sell Ken Goss's interest in the Partnership to the Partnership for the sum

of $310,000. In the Order, the Court found that all parties had notice of the September 11, 2012 hearing. The Strattons submitted their motion to reconsider on September 25, 2012, and filed an amended motion on September 27, 2012.

The Strattons argue, pursuant to Federal Rule of Civil Procedure 59(e), made applicable by Bankruptcy Rule 9023, that the Court should reconsider its September 21, 2012 Order. They assert the lack of notice to the Strattons and the significantly higher offer they submitted after the hearing constitutes grounds to reconsider the Court's Order. The Partnership advances that the Strattons' request for relief is governed by Federal Rule of Civil Procedure 60(b), made applicable by Bankruptcy Rule 9024. It asserts the Strattons had proper notice and that no grounds exist for altering the Court's September 21, 2012 Order.

As for whether the Court should treat the Strattons' motion as a Rule 59(e) or a Rule 60(b) motion, the Fourth Circuit Court of Appeals has held that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 411–12 & n.11 (4th Cir. 2010). The Strattons' motion was filed within ten days of the Order for which they seek reconsideration. Therefore, the Court will treat their motion as one under Rule 59(e). Applying Rule 59(e), which is the standard argued by the moving party, and after careful consideration of the arguments of counsel and applicable law, the Court denies the Strattons' request for relief.[1]

"Under Rule 59(e), there are three grounds for amending a judgment: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *In re*

---

[1] If the Court were to apply Rule 60(b), it would also find that the movant is not entitled to relief.

4

*Norris*, No. 10-01729-DD, 2011 WL 5554268, at *1 (Bankr. D.S.C. Nov. 15, 2011) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).  The Court finds that none of these circumstances exist here.  The August 13, 2012 Notice and Application indicated that a hearing would be held on September 11, 2012, at 9:00 a.m. if an objection was filed.  An objection was filed.  In addition, the Notice and Application states that the Court "may consider additional offers at any hearing held" and "may order at any hearing that the property be sold to another party on equivalent or more favorable terms."  The Strattons assert that their $310,000 offer reserved the right to submit a responsive bid in the event their offer was matched or bettered and that the Partnership's $310,000 bid was accepted without them receiving notice of the bid.  However, the Strattons were on notice that the Court might consider offers at the September 11, 2012 hearing and order that the property be sold.  Moreover, the Strattons do not assert they were not aware a hearing was scheduled but rather that they believed the objection which triggered the hearing was moot once they submitted a bid that was higher than the offer to which Aaron Silverman and Simpson Family Holdings, Inc. objected.  There is no indication that the Strattons made inquiry to confirm their supposition.  On the other hand, the Partnership, in order to protect its right of first refusal, appeared by its general partner, travelling from Oklahoma.  The Partnership matched the Strattons' $310,000 offer at the hearing even though it did not consider the Strattons' $310,000 offer to be the equivalent of its $300,000 offer.  The Strattons cite *In re Donohue*, 410 B.R. 311, 316 (Bankr. D. Kan. 2000), for the proposition that "[d]efective notice and a post-confirmation offer significantly larger than the confirmed sale price justifies vacating a confirmed sale."  *In re Donohue* is distinguishable because in that case there was no notice to the moving party prior to the sale of the property at issue.  Here, the Notice and Application

provided notice that the Court might consider other offers at the hearing and order that the property be sold.

For the reasons set forth herein, the Strattons' amended motion for reconsideration is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**10/05/2012**



Entered: 10/05/2012

David R. Duncan
US Bankruptcy Judge
District of South Carolina