# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | Case No. 12-00395-dd |
| Ken Goss and Gretchen Goss, | Chapter 7 |
| | **ORDER GRANTING MOTION TO DISQUALIFY COUNSEL** |
| Debtors. | |

This matter is before the Court on a motion filed on April 11, 2013, by the chapter 7 trustee ("Trustee") to disqualify Dean Haskell and the law firm of Jones, Simpson & Newton, P.A. from representing Simpson Family Holdings, Inc. ("SFH") and Aaron Silverman. SFH and Silverman responded in opposition. A hearing was held on May 6, 2013. At the hearing, the Trustee introduced documents into evidence as exhibits 1 through 10, and the Court heard testimony from Ken Goss and Michael Virzi, who the Court recognized as an expert in the area of professional responsibility and ethics. After careful consideration of the applicable law, evidence submitted, and arguments of counsel, the Court grants the Trustee's motion to disqualify counsel.

## FACTS

The debtors, Ken Goss and Gretchen Goss ("Debtors"), filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 25, 2012. Mark Simpson ("Simpson") is an attorney at Jones, Simpson & Newton and represented Debtors in various matters beginning in approximately 1999. Jones, Simpson & Newton handled legal work for Ken Goss and his business, and Simpson had access to Debtors' financial information as a result of being their attorney.

At all time periods relevant to the motion to disqualify, Simpson was married to Christy Simpson, who is the president and 100% owner of SFH. On June 29, 2007 and all later relevant times, Simpson was vice president of SFH.

In June 2007, Debtors needed a loan to fund the completion of a commercial real estate project. On June 29, 2007, Debtors entered into a loan transaction with SFH as the lender. Simpson and Jones, Simpson & Newton represented both the borrower and lender in connection with closing the loan. At the closing, Debtors signed a "Disclosure and Consent to Representation of Borrower and Lender" ("Disclosure Form") which states Jones, Simpson & Newton "has been asked to represent both Borrower and Lender in connection with the closing of a real estate loan from lender." The Disclosure Form also states as follows:

> Borrower and Lender may have interests that are adverse to each other. In the event a dispute arises between Borrower and Lender which cannot be immediately resolved, Law Firm will be required to withdraw from further representation of both Borrower and Lender with respect to the transaction. Law Firm will not be able to represent either party in an attempt to resolve the dispute. An example of a dispute would be disagreement over the interest rate or fees to be charged by the Lender. Should the dispute remain unresolved, both Borrower and Lender will be required to seek other counsel at each party's own expense.

The June 29, 2007 loan between SFH and Debtors was modified multiple times prior to Debtors filing bankruptcy.

Debtors eventually became delinquent on payments to SFH, and a collection action in state court in Beaufort County, South Carolina was initiated by SFH against Debtors. SFH was represented in that proceeding by an attorney outside of Jones, Simpson & Newton. Simpson continued to represent Debtors in various matters during and after the state court collection action. On August 25, 2009, Debtors signed a modification of the loan with SFH and executed a Collateral Assignment of Limited Partnership Interest ("Collateral Assignment") which assigned their rights in certain oil and gas income, dividends, profits, or distributions to SFH. Jones,

Simpson & Newton prepared the Collateral Assignment. Since 2009, SFH has assigned portions of its interest in the June 29, 2007 note and the Collateral Assignment to Aaron Silverman.

SFH and Silverman have each filed proofs of claim for $383,688.06 in Debtors' bankruptcy. The Trustee objected to their claims on September 10, 2012. SFH and Silverman responded to the Trustee's objection on October 9, 2012. In their response, they agreed SFH and Silverman have one claim for $383,688.06, not two claims each for that amount, but otherwise opposed the Trustee's objection. The Trustee's claim objection, thus, became a contested matter. Dean Haskell, an attorney at Jones, Simpson & Newton, represented SFH and Silverman in connection with the claim objection. The parties requested a scheduling order be entered, and an order was entered setting forth a timeframe for discovery and setting a pre-trial conference for April 23, 2013.

The Trustee filed the motion to disqualify currently before the Court on April 11, 2013. In the motion, the Trustee asserts that Haskell and the firm at which he and Simpson are employed, Jones, Simpson & Newton, P.A., should be disqualified from representing SFH and Silverman in connection with this contested claim objection proceeding. The motion to disqualify filed by the Trustee is largely based on the language in the Disclosure Form Debtors signed on June 29, 2007. At the hearing on the motion to disqualify, testimony and evidence was heard regarding whether Haskell and Jones, Simpson & Newton are disqualified from representing SFH under the conflict of interest rules set forth in the South Carolina Rules of Professional Conduct. Haskell, who appeared at the hearing on behalf of SFH, did not

contemporaneously object to the Trustee arguing he and Jones, Simpson & Newton should be disqualified for reasons other than the language in the Disclosure Form.[1]

## ANALYSIS

"A motion to disqualify counsel is a matter subject to the court's general supervisory authority to ensure fairness to all who bring their case to the judiciary for resolution." *Clinton Mills, Inc. v. Alexander & Alexander, Inc.*, 687 F. Supp. 226, 228 (D.S.C. 1988). Although a disqualification determination must be based upon "a proper application of applicable ethical principles," the "drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel . . . and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145-46 (4th Cir. 1992). Because of the balance that must be struck "'between the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community,'" disqualification motions should be decided on a "case-by-case analysis." *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995) (quoting *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990)). Moreover, "[s]ince disqualification is such a drastic

---

[1] According to its terms, the Disclosure Form relates to a real estate loan closing transaction where Jones, Simpson & Newton represented both Debtors as borrowers and SFH as lender. The Disclosure Form states that "[i]n the event a dispute arises between Borrower and Lender which cannot be immediately resolved, Law Firm will be required to withdraw from further representation of both Borrower and Lender *with respect to the transaction*" (emphasis added). The contested claim objection between the Trustee and SFH is, at most, a dispute arising out of the June 29, 2007 loan transaction, and the Disclosure Form does not state that Jones, Simpson & Newton will not be able to represent either party in connection with a dispute arising out of the transaction. The Disclosure Form states that in the event of an unresolved dispute, Jones, Simpson & Newton will not be able to represent either party "with respect to the transaction." A dispute with respect to the transaction would be an unresolved dispute that existed at the time of the transaction. Once the loan documents were executed by the parties the loan transaction was essentially complete. Therefore, the Disclosure Form does not necessarily, by itself, provide a basis for disqualifying Haskell or Jones, Simpson & Newton.

measure, [the Trustee] 'bears a high standard of proof to show that disqualification is warranted.'" *Id.* (quoting *Tessier*, 731 F. Supp. at 729).

Rule 1.9(a) of the South Carolina Rules of Professional Conduct provides that "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." S.C. App. Ct. R. 407. Thus, the relevant test under Rule 1.9(a) is whether this claim objection proceeding where SFH and Silverman are represented by Haskell and Jones, Simpson & Newton in pursuing a claim against Debtors' bankruptcy estate is "substantially related" to previous matters in which Simpson represented Debtors. This substantial relationship test has been adopted by many circuit courts of appeal that have addressed the issue of attorney disqualification in the successive representation context. *See Tessier*, 731 F. Supp. at 730 (citing *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1569 (5th Cir. 1989); *Cox v. Am. Cast Iron Pipe Co.*, 847 F.2d 725, 728 (11th Cir. 1988); *Kevlik v. Goldstein*, 724 F.2d 844, 850 (1st Cir. 1984); *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983); *Emile Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 570 (2d Cir. 1973)). The purpose behind the substantial relationship test and attorney disqualification in the successive representation context is to prevent an attorney "from using confidential information that he has obtained from a client against that client on behalf of another one." *Analytica*, 708 F.2d at 1266; *see also Buckley*, 908 F. Supp. at 304-05 ("The Court must, therefore, examine the nature and scope of the prior and present representation and determine whether confidences might have been disclosed in the course of the prior representation which could be relevant to the present action."). Moreover, "'[i]t is well settled that once an attorney-client relationship has been established, an irrebuttable

presumption arises that confidential information was conveyed to the attorney in the prior matter.'" *Buckley*, 908 F. Supp. at 306 (alteration in *Buckley*) (quoting *Tessier*, 731 F. Supp. at 731).

After careful consideration of the applicable law, the Court finds that Haskell and Jones, Simpson & Newton should be disqualified from representing SFH and Silverman in connection with opposing the Trustee's objection to the proof claim of SFH and Silverman. Based on the evidence proffered, Simpson, who at all relevant times was an attorney at Jones, Simpson & Newton, represented Debtors and SFH in connection with the closing of the June 29, 2007 loan transaction which is the basis of the proofs of claim. Furthermore, Simpson represented Debtors in various matters prior to and after the June 29, 2007 loan transaction. Simpson had access to Debtors' financial information as a result of being their attorney. Haskell, who is also an attorney at Jones, Simpson & Newton, is now representing SFH and Silverman in connection with their proof of claim, which is based on the June 29, 2007 loan. Consequently, Haskell and Jones, Simpson & Newton are representing SFH and Silverman in a substantially related matter in which the interests of SFH and Silverman are materially adverse to those of Debtors. In addition, while there is a presumption that confidential information was conveyed to Simpson during his former representation of Debtors that could be used against them in this proceeding, that presumption is not necessary because Simpson had access to Debtors' financial information as a result of being their attorney. Therefore, the substantial relationship test is satisfied, and Haskell and Jones, Simpson & Newton are disqualified from representing SFH and Silverman in this contested claim objection proceeding.[2]

---

[2] After the May 6, 2013 hearing, SFH and Silverman filed what the Court construes as either a response to the Trustee's proposed order on her motion to disqualify or a response to the motion to disqualify. In this response, Haskell and Jones, Simpson & Newton requests that they

**CONCLUSION**

For the reasons set forth herein, the Trustee's motion to disqualify Dean Haskell and the law firm of Jones, Simpson & Newton, P.A. from representing Simpson Family Holdings, Inc. and Aaron Silverman in connection with the contested proof of claim of Simpson Family Holdings and Silverman is granted. Simpson Family Holdings shall have fifteen (15) days from the entry date of this Order to retain other counsel. *See* Bankr. D.S.C. R. 9011-2(c). While Silverman may proceed *pro se*, he also should seek to have other counsel in place within fifteen (15) days if he desires to have representation.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/24/2013**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 05/28/2013

---

be permitted to withdraw from representation of SFH and Silverman. The Trustee recently filed an adversary proceeding against Mark Simpson, Christy Simpson, Silverman, SFH, and Jones, Simpson & Newton. While the Court finds disqualification appropriate, the issue of whether any of these defendants named in the adversary proceeding breached any duties to Debtors or whether any breach that may have occurred caused an injury to Debtors is not before the Court at this time. In addition, the issue of who may represent Silverman and SFH in the adversary proceeding is not currently before the Court.