**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | Case No. 12-00395-dd |
| Ken Goss and<br>Gretchen Goss, | Chapter 7 |
| | **ORDER** |
| Debtors. | |

This matter is before the Court on an Application for Settlement filed by Aaron Silverman ("Silverman") and Simpson Family Holdings, Inc. ("SFH") seeking approval of a settlement with the Chapter 7 Trustee, Michelle L. Vieira ("Trustee") [Docket No. 133]. Objections to the Settlement were filed by J. Michael and Mary M Jordan [Docket No. 134], Dan and Shannon Stratton [Docket No. 138], The Richter Firm, LLC[1] [Docket No. 139], and Robert Clark[2] [Docket No. 143]. A hearing was held on February 21, 2017. The Court took the matter under advisement and now issues this Order.

**BACKGROUND**

The debtors, Ken Goss and Gretchen Goss ("Debtors"), filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 25, 2012. On March 20, 2012, SFH filed Claim No. 16 in the amount of $383,688.06. Also on March 20, 2012, Silverman filed Claim No. 17 in the amount of $383,688.06. Each claimant contends that the underlying debt is evidenced by a note and secured by an assignment of Ken Goss's interest in Goss Family Limited Partnership.

Trustee filed a Notice and Application for Sale of Property ("Notice and Application") on August 13, 2012 seeking authority to sell the estate's interest in the Goss Family Limited Partnership free and clear of all liens and encumbrances, with all valid liens attaching to the

---

[1] The Richter Firm, LLC's objection was withdrawn.

[2] The objection filed by Mr. Clark was mailed to the Court's Charleston location, and was received after the hearing on the Application had concluded. Mr. Clark did not appear to prosecute his objection.

proceeds of the sale.  Trustee's request to sell was premised on her contention that the liens were

subject to a bona fide dispute.  *See* § 363(f)(4).  On September 21, 2012, the Court entered its

Order Authorizing Sale of Assets Free and Clear of Liens, which authorized Trustee to sell Ken

Goss's interest in the partnership with all valid liens to attach to the proceeds of the sale.  Trustee

liquidated Goss's interest in the partnership and is now holding $377,099.23.

On September 10, 2012, Trustee filed an Objection to Claims [Docket No. 50], in which

she objected to the claims of SFH and Silverman on the basis that the two claims were identical.

As part of the Objection to Claims, Trustee requested discovery to determine:

A.) Who is the legal owner of the note attached to Claims 16 and 17 and in what amounts;

B.) What fees and interest rates were charged on the note;

C.) How were the payments applied to the loan;

D.) To complete a full and complete accounting of the loan to determine if anything is

owed to claimants of Claims 16 and 17.

On April 22, 2013, Trustee filed her Adversary Complaint (Adv. No. 13-80041) against

Mark Simpson, Christy A. Simpson, Simpson Family Holdings, Inc., Aaron L. Silverman and

Jones, Simpson & Newton, PA alleging nine causes of action "to determine the validity, extent or

priority of Defendants' claims to bankruptcy estate property, for money damages and for Equitable

Subordination…" ("Adversary Proceeding").  In her adversary complaint Trustee objected to the

claims of SFH and Silverman on numerous grounds, including those raised by the objecting

parties.  On August 13, 2013, the Court held a status conference hearing on the objection to claims

and the Adversary Proceeding.  At the conclusion of the status conference, the Court indicated that

the issues so overlapped that it would be necessary to consider the Adversary Proceeding and the

2

objection to claims in a consolidated manner.  Thus, from that point forward, the objection to

claims and the Adversary Proceeding were considered together.

The reference to this Court of the Adversary Proceeding was withdrawn by the United

States District Court on September 24, 2013 (Case No. 2:13-cv-2610-DCN).   Motions for

Summary Judgment were filed by Mark Simpson, Christy A. Simpson, Simpson Family Holdings,

Inc., Aaron L. Silverman and Jones, Simpson & Newton, PA.  The Honorable David L. Norton

issued an Order on March 23, 2015, which addressed the issue of SFH's assignment of interests in

the note.  Judge Norton granted summary judgment in favor of the defendants, including SFH and

Silverman.   Silverman subsequently amended his claim, and filed Proof of Claim No. 17-3

(amending claims 17-1 and 17-2) on April 20, 2015, following summary judgment in the District

Court, evidencing a secured claim in the amount of $377,670.06 for his assigned interest in the

note and secured by the same funds held by Trustee.  Proof of Claim No. 17-3 was filed to include

Silverman's attorney's fees for defending the original claim during the Adversary Proceeding.

The District Court ruled against Trustee in the Adversary Proceeding and denied the basis

of the claims objection.  Through a series of motions to reconsider and/or amend filed by Trustee,

the District Court reviewed its summary judgment decision numerous times.[3]   The litigation

surrounding SFH and Silverman's claims lasted for five years.

In the bankruptcy case, Trustee liquidated the collateral which secured the claims of SFH

and Silverman and is now holding $377,090.23, subject to liens in favor of SFH and Silverman.

Both SFH and Silverman have an allowed secured claim with first priority in excess of

---

[3] The District Court noted in a footnote, "The July 2015 Order was itself a reconsideration of the court's original
ruling on defendants' motion for summary judgment on March 23, 2015 ("SJ Order").  Thus, issues relating to
defendants' motion for summary judgment have been the subject of three prior orders…"

$377,090.23.  In the Application for Settlement, SFH and Silverman have now agreed that the remaining $377,090.23 should be paid as follows to fully satisfy their claims:

(a) $220,099.23 to SFH in satisfaction of Claim No. 16; and

(b) $157,000.00 to Silverman in satisfaction of amended Claim No. 17-3.

## OBJECTIONS

The Jordans' objection to the proposed settlement asks "the Trustee and Court to change the facts." [Docket No. 137].  The Jordans argue that the "proper course is to examine the filed Proofs of Claims, determine the ownerships and amounts due, and distribute the assets of the estate in accordance with the priorities of payment."  Their objection cites 11 U.S.C. § 704, specifically, "the trustee shall—if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper."  The Jordans argue that the combined debt owed to SFH and Silverman is less than the amount the estate has on hand, because SFH and Silverman are only entitled to the percentage of the original debt owed by Goss, and also because the Silverman claim includes costs and fees that he is not entitled to.  The other objections to the settlement present similar arguments, attempting to relitigate Trustee's previous objection to the claims.  No objecting party questioned SFH and Silverman's lien priority status in their objection.

## DISCUSSION

### Claims have been litigated

SFH and its assignees, including Silverman, hold the first priority interest in and to all of the remaining proceeds of the collateral, which includes all the funds held by the estate.  This issue has been determined through lengthy litigation in this matter and cannot now be revisited by this Court.

The objecting parties appear to ignore that Trustee objected to the claims of SFH and Silverman at issue in this matter, making substantially the same arguments they now make, and the District Court ruled against her. Trustee cannot renew her claims objection here.

A creditor is a "party in interest" under § 502(a) and, at least in theory, has standing to object to the claim of another creditor. "This principle, however, is subject to a significant—though not universally adopted—judicial limitation." *Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124, 129 (S.D.NY. 2011). The majority of courts hold that, "[a]s a general rule, absent leave of court, the chapter 7 trustee alone may interpose objections to proofs of claim. Leave to object is not generally accorded an individual creditor unless the chapter 7 trustee refuses to object, notwithstanding a request to do so, and the bankruptcy court permits the creditor to object in the trustee's stead." *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992); *see also In re Dominelli*, 820 F.2d 313, 317 (9th Cir.1987) (trustee "optimal party" to object); *In re Fox*, 64 B.R. 148, 151 (Bankr. N.D.Ohio 1986) (although a creditor is a "party in interest" under section 502, "needs of efficient administration" require that trustee control); *In re Parker Montana Co*., 47 B.R. 419, 421 (D. Mont.1985) (as the representative for the chapter 7 estate, the trustee is the proper party to bring action for equitable subordination).

Trustee did not decline or refuse to the challenge the claims. Rather, Trustee objected to the claims on behalf of the chapter 7 estate. Through the Adversary Proceeding, Trustee litigated the claims for five years.[4] During the five years that Trustee litigated the claims, the objecting parties never raised their own objections to the claims. After litigating the issues for five years, and losing, Trustee is now prepared to disburse funds. The objecting parties cannot now relitigate the objection to claims, which they never personally raised during five years of litigation, as

---

[4] Despite litigating this case for more than five years, because the estate holds less funds than are needed to pay secured claims the Trustee and her attorneys will also walk away without compensation or reimbursement expenses.

objections to this settlement.  Therefore, this Court will not now revisit the issue of the validity of the proofs of claim filed by SFH and Silverman.

Fees under 11 U.S.C. § 506(b)

In their attempts to argue that the amount owed to SFH and Silverman is less than the money the estate has on hand, the objecting parties ignore 11 U.S.C. § 506(b), which entitles secured creditors to accrue post-petition interest and reasonable attorney's fees as provided for in the note up to the value of the collateral.  *See United Sav. Ass'n of Tx. V. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 372 (1988) ("To the extent that an allowed secured claim is secured by property the value of which…is greater than the amount of such claim, there shall be allowed to the holder of such claim…and any reasonable fees, costs or charges provided for under the agreement under which such claim arose.").  The note attached to claims 16 and 17 states, "the Note Holder will have the right to be paid back by [the Gosses] for all of its costs and expenses in enforcing this Note…."  SFH and Silverman have been defending their claims for five years and have expended attorney's fees during that period that they are entitled to recover under § 506(b).

SFH and Silverman, as secured parties, are entitled to recover reasonable attorney's fees up to the value of the collateral, which has been liquidated.  Therefore, SFH and Silverman are entitled to collect attorney's fees and costs as part of their claims up to the amount for which the collateral was liquidated.  Silverman's claim, 17-3, was amended to include those fees, and is alone more than the amount the estate has on hand.  As "a proof of claim…constitutes prima facie evidence of the validity and amount of the claim," Fed. R. Bankr. P. 3001(f), and Trustee has already tried and failed to challenge Silverman's claim, the claims must be allowed as filed, including the attorney's fees.

6

Liens Attach to Proceeds

Trustee liquidated Goss's interest in the partnership and is now holding $377,099.23. According to the Order authorizing the sale, all valid liens attached to the proceeds of the sale. The law has been settled since 1886 that a discharge in a liquidation bankruptcy case, such as a chapter 7, does not discharge a lien against real or personal property; liens survive or pass through bankruptcy unaffected. *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *Long v. Bullard*, 117 U.S. 617, 620 (1886). The allowed claims of SFH, Silverman and of the other assignees of the original note, Mark and Christy Simpson, PENSCO A and PENSCO B, ride though the bankruptcy as valid liens and attach to the proceeds regardless of whether a proof of claim was filed, because notwithstanding a chapter 7 discharge, a secured creditor retains the right to proceed *in rem* against the property. *See Johnson*, 501 U.S. at 84. The Court is not called upon to decide priority as between SFH, Silverman, Mark and Christy Simpson, and PENSCO A and PENSCO B. To the extent there was competing claims among this group, other than SFH and Silverman who have settled, nothing the Court does here affects those rights.

Secured creditors are not required to file proofs of claim. The secured creditor holding a pre-bankruptcy lien need not file a proof of claim to preserve its status as a secured creditor, and the lien will pass through the bankruptcy case unaffected regardless of whether the secured creditor files a proof of claim. *See In re Hamlett*, 322 F.3d 342, 349 (4th Cir. 2003) ("the failure to file a timely claim, like the failure to file a claim at all, does not constitute sufficient grounds for extinguishing a perfectly valid lien."). Therefore, despite not filing a claim, Mark and Christy Simpson, PENSCO A and PENSCO B liens, secured by Goss's interest in the partnership, would survive the bankruptcy; which are prior in time and right to the Jordans' claim. As the order granting the Jordans a charging lien against Ken Goss's interest in the partnership states, "[Jordans]

acknowledge the priority of payment of Simpson Family Holdings, Inc. and its assignee Aaron Silverman from income derived from the Limited partnership Interest." The Jordans cannot now argue their lien has priority.

Trustee's Business Judgment

The Jordans suggest Trustee failed to do her job as the trustee. 11 U.S.C. § 704 provides the statutory duties of a trustee; "the trustee shall—if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." As has previously been discussed, the Trustee did review and object to the claims but was unsuccessful.

After failing to successfully object to the claims, Trustee reviewed and approved of the settlement, as the amount owed to SFH and Silverman, the first priority creditors, exceeds the money that the estate has on hand. "A court may approve a settlement over objections unless the proposed settlement falls below the 'lowest point of reasonableness.'" *U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139 (D.Md. 2001), *aff'd*, 61 Fed.Appx. 860 (4th Cir. 2003) (internal citations omitted). "The court should review the trustee's actions utilizing a business judgment standard." *In re CHN Construction, LLC*, 531 B.R. 126, 133 (E.D.Va. 2015). Trustee's decision to approve the settlement was a proper exercise of her business judgment. The proceeds the estate has on hand is not enough to satisfy the allowed secured claims of SFH and Silverman, much less that of other assignees of SFH. Therefore, approval of a settlement that satisfies both SFH's and Silverman's claims with the money that the estate has on hand falls within the proper scope of Trustee's business judgment.

**CONCLUSION**

The application for settlement does nothing more than establish the amounts to be paid to the first priority secured creditors. As the amount owed to these two creditors is more than the

8

money that the estate has on hand, Trustee's decision to approve the settlement, as decided

amongst those first priority creditors, is within her business judgment.    Accordingly, the

application for settlement is approved.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/07/2017**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 03/08/2017

9